819 F.2d 289
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Lynn JOHNSON, Petitioner-Appellee,
v.
Michael DUTTON, Warden, Respondent-Appellant.
 No. 86-5760.
 United States Court of Appeals, Sixth Circuit.
 June 1, 1987.
 
 Before KENNEDY, RYAN and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Respondent appeals the order of the district court granting to petitioner, William Johnson, a writ of habeas corpus, conditioned upon the state of Tennessee not granting him a new trial. The basis of petitioner's request for relief was his claim that he was denied the effective assistance of counsel.
 
 
 2
 The district court believed that the issue raised by the record of proceedings in the state courts was "whether trial counsel representing Johnson was negligent in not investigating and discovering Johnson's past mental illness and whether that negligence deprived Johnson of a substantial defense that may have, if properly advanced, changed the outcome of the trial." The district court answered the proposition in the affirmative.
 
 
 3
 Although we affirm the order of the district court, we do so not on the narrow ground framed by the district court, that trial counsel was negligent in not discovering Johnson's history of mental problems, as the predicate for a possible plea of not guilty by reason of insanity. On the record before us, trial counsel failed to effectively represent Johnson because he failed to explore with his client any defenses of any kind. That was the main thrust of Johnson's argument in the state proceedings for postconviction relief, and no state court has made a factual finding contrary to Johnson's testimony that counsel never consulted with him about the case prior to trial. Indeed, the evidence before the state courts was uncontroverted that trial counsel failed to ever consult with Johnson in the preparation of his defense.
 
 
 4
 Although the state courts concluded that trial counsel had been effective in obtaining defense witnesses, and in the conduct of the trial itself, the specific complaint raised by Johnson was not addressed. Because, under the circumstances of this case, failure to consult with Johnson in the preparation of his defense so clearly deprived him of effective representation of counsel, we affirm the judgment of the trial court entered on July 2, 1986.